[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT (#154.00)
In this case, National Collectors, L.P., (National Collectors) an assignee of the captioned plaintiff,[1] seeks to foreclose on two mortgages on real estate in Stamford, Connecticut which secured a promissory note in the amount of $225,000. Two defendants, Ann and J. Michael Cantore, have moved for partial summary judgment dismissing the complaint as against them.
The operative complaint alleges that the Bank of Stamford loaned $225,000.00 to Ann and J. Michael Cantore, Delta Leasing Corporation, and Miles and Elizabeth Mobins. It is alleged that Ann Cantore gave the bank a mortgage deed on property known as 2040 Long Ridge Road to secure the note and J. Michael Cantore gave a mortgage deed on property known as 263 Banncroft Road to secure the same note. It is alleged that Ann and J. Michael Cantore have defaulted on the note.
On June 6, 2001 the court (Hickey, J) denied the plaintiff's motion for summary judgment. With respect to that motion, the parties raised and argued a lengthy list of issues; however, the court's decision was based on a finding that the plaintiff had not established satisfaction of a condition precedent to its (or its predecessors') right to accelerate the debt, specifically that a demand letter sent by the lender in 1991 did not meet the requirements under the acceleration clause of the mortgage.
Ann and J. Michael Cantore now move for partial summary judgment on the theory that the shield of Judge Hickey's decision may also be the sword to eliminate the plaintiff's foreclosure complaint in its entirety. They argue that there is no genuine issue of material fact as to the contention that the plaintiff cannot establish a prima facie right to foreclosure because, as found by Judge Hickey, the plaintiffs's predecessor in interest did not provide the requisite notice to properly accelerate the note, and since this condition was not met, the plaintiff may not accelerate the note, nor foreclose on the mortgage deeds.
In opposition to the Cantores' motion, National Collectors contends that the note holder's and mortgagee's right to accelerate the debt is CT Page 5129 not the determinative issue. It points out that the note. which was dated August 2, 1990, interest was payable monthly in arrears, and the entire principal was payable, on demand, in two years, i.e. August 2, 1992. According to National Collectors the Cantores are in default on the note, not only because it was purportedly accelerated, but also because it matured and was payable in the normal course. National Collectors has presented copies of the note, the two mortgages (which are identical in terminology) and demand letters sent to Mr. and Mrs. Cantore dated June 23, 1993. It should be pointed out that National Collectors did not present the argument that the Cantores were in default because the note had matured in the earlier summary judgment papers.[2]
Under Practice Book § 17-49 the court may grant summary judgment when "There is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."
The Cantores' motion for summary judgment is denied. This court concludes that the Cantores' contention that National Collectors is legally precluded from foreclosing because the debt was not properly accelerated lacks merit. By its very terms, acceleration of a debt is only one means that the full amount of the note comes due and payable. Another such means occurs when the lull term of the note expires, and the debt matures. Non payment of the debt at time of maturity. after demand, is a default which may trigger foreclosure of the mortgage. Therefore. the Cantores' legal contentions are not sufficient to support dismissal of the complaint.
ADAMS, J.